{¶ 18} I respectfully dissent. Since the claimed sentencing disparity does not and could not appear in the record of the trial and sentencing of this case, it could not have been considered on appeal, as appeals must be decided upon the record of the trial court proceedings. Accordingly, the assertion of such a disparity in a later proceeding is not barred by res judicata.
 {¶ 19} I also disagree with the alternative ground for reversal set forth by the majority. Crim.R. 32.1 provides "but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This creates a purely discretionary power in the trial courts to correct instances where it is clear that an injustice has taken place. This is a safety valve which, in this instance, allowed a trial judge to conclude that her treatment of this defendant was unjust, in light of subsequent actions by that same judge. Crim.R. 32.1 allows the court to correct action which turns out to have been a mistake. The provision of such procedure strengthens our judicial system, and its courageous exercise strengthens our judges. It ought not to be the subject of reversal.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)